5. INSTRUCTIONS, § 154*—*when modification is proper.* In action for injuries sustained by a person who was knocked down by a horse which the defendant's servant was driving, an instruction stating that if the accident was caused either wholly or in part by want of reasonable care "or attention to his situation" on the part of the plaintiff was properly modified by striking out the quoted words.

6. WITNESSES, § 317*—*when instruction is properly refused.* Where the record does not show that a witness had been in the employ of a defendant, the refusal of an instruction as to the duty of the jury not to disregard the testimony of such witness because of such employment was not error.

7. ROADS AND BRIDGES, § 239*—*what evidence is admissible to show negligence.* Where a person was injured by being knocked down by a horse while crossing a street, evidence which dealt solely with the desire of the driver to proceed on his journey after the accident should have been excluded, but in view of other evidence showing the same fact, and showing fast driving before the accident, the admission of such evidence was harmless.

John F. Devine, Administrator, Appellant, v. The South Park Commissioners, Appellee.

Gen. No. 17,930.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 15, 1913.

## Statement of the Case.

Action by John F. Devine, administrator of the estate of Jacob Adelman, deceased, against the South Park Commissioners, a corporation, to recover damages for the death of plaintiff's intestate. From a judgment for defendant, plaintiff appeals.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

LEE D. MATHIAS and CHARLES H. ROBINSON, for appellant.

ROBERT REDFIELD, for appellee; TOLMAN & REDFIELD and HENRY P. CHANDLER, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

PARKS, § 9*—*when park commissioners liable.* An action cannot be maintained against park commissioners as a body corporate for negligence resulting in damage or injury to individuals, since such commissioners are a body corporate exercising political functions.

---

Ditson De Shelter, Appellee, v. American Spring Water Supply Company et al., on appeal of James B. Wilbur, Appellant.

## Gen. No. 18,013.

1. CORPORATIONS, § 605*—*when corporation is liable for debts of another corporation.* The doctrine that two corporations become consolidated where one corporation absorbs all the assets of another, and that the absorbing company is liable for the debts of the absorbed company does not apply where a corporation sells all its assets to a partnership and a large portion of such assets are subsequently transferred to the second corporation.

2. CORPORATIONS, § 213*—*when finding as to value of property will not be disturbed.* Held, that a finding, as to the value of certain property turned over to a corporation for stock, was not manifestly wrong.

3. CORPORATIONS, § 124*—*how stock may be paid for.* In this State nothing but money or money's worth is to be regarded as payment for shares of capital stock of corporations.

4. CORPORATIONS, § 213*—*when stockholders are liable to creditors.* When either by fraud, accident or mistake stock of a cor-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.